## 𝔅𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

MOSES v. OLD DOMINION IRON AND NAIL WORKS CO.

FEBRUARY 25th, 1885.

PRACTICE AT COMMON LAW—*New trial.*—Where, under the rule of this court to reject all the parol evidence of the exceptor to the refusal of the court below to award a new trial, and to give full weight and credit to the exceptee's evidence, this court is left without means to determine whether the court below erred or not; its judgment must be affirmed.

Error to judgment of circuit court of city of Richmond, rendered 5th July, 1883, in an action for damages for negligent injury to a certain building, wherein Alfred Moses was plaintiff and the Old Dominion Iron and Nail Works Company was defendant. This case is sequel to the case under the same style reported 75 Va. 95.

Opinion states the case.

*A. M. Keiley* and *Pegram & Stringfellow,* for the plaintiff in error.

*H. Marshall,* for the defendant in error.

HINTON, J., delivered the opinion of the court.

This is a complaint of a judgment of the circuit court of the city of Richmond refusing a new trial on the ground that the verdict was contrary to the evidence, and because of the inadequacy of the damages.

The case was submitted to the jury under proper instructions, which directly presented to them the question whether the destruction of the building was caused by the alleged tempest, the improper construction of the building originally, or by the overloading of the defendant company; and they found a verdict for the plaintiff for "$674.28, without interest."

It is insisted for the plaintiff in error that the finding "for the plaintiff" divided the only disputed question in the case— that is, who was the party liable for the loss. That being determined, the *quantum* of damages was fixed by the evidence beyond dispute at a much larger sum.

Doubtless it is true, where the case comes up properly, that a new trial will be granted where the damages are grossly inadequate, or where the law itself prescribes the measure of damages if the plaintiff should recover, or where the action is on a contract for a fixed sum and by some mistake or misapprehension, or through passion or prejudice, the jury have awarded a lesser amount.

But unfortunately for the plaintiff in error, his case comes up upon a certificate of evidence instead of a certificate of facts, and, under the well settled rule of this court, it can take no cognizance of the case unless, after rejecting all the oral evidence of the excepting party and giving full force and credit to the evidence of the adverse party, the judgment still appears to be wrong. *Bennett* v. *Hardaway*, 6 Munf. 125; *Danville Bank* v. *Waddill*, 31 Gratt. 475; *Dean's Case*, 32 Gratt. 916; *Baccigalupo's Case*, 33 Gratt. 807; *Creekmur* v. *Creekmur*, 75 Va. R. 430; *Taylor's Case*, 77 Va. 697; *Muse* v. *Stern*, 81 Va. *ante* p.

Applying this rule, and discarding all the oral evidence of the plaintiff in error, it not only does appear that he has been damaged, but on the contrary it does affirmatively appear from the evidence of the defendant in error that the destruction of the building was occasioned either by the tempest or its origi-

nal faulty construction, and therefore that he, if anyone, and not the plaintiff in error, has been prejudiced by the verdict. However this may be, it is perfectly clear that under the rule of this court we are left without the means of determining whether the circuit court erred or not. As therefore the defendant in error does not complain, the verdict must be affirmed.

Lacy, J., dissented.

Judgment affirmed.